FILED
United States Court of Appeals
Tenth Circuit

June 22, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JERRY L. MARTIN,

        Petitioner - Appellant,

v.

ERIC FRANKLIN, Warden,

        Respondent - Appellee.

No. 09-5178

(N.D. Oklahoma)

(D.C. No. 4:09-CV-00408-GKF-PJC)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Jerry L. Martin, an Oklahoma state prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the denial of his application under 28 U.S.C. § 2254 as untimely. *See* 28 U.S.C. § 2253(c) (requiring COA to appeal denial of application). We deny his request for a COA and dismiss the appeal.

## I.  BACKGROUND

Mr. Martin pleaded guilty to indecent exposure, *see* Okla. Stat. tit. 21, § 1021 (2008), and attempting to solicit a minor child, *see id.* On June 18, 2007, he was sentenced to concurrent terms on each count of 15 years' imprisonment, with the last five years suspended. He filed repeated unsuccessful applications for postconviction relief in Oklahoma state district court, but the first was not filed until August 21, 2008.

On June 25, 2009, Mr. Martin filed a pro se application for relief under § 2254 in the United States District Court for the Northern District of Oklahoma. It asserted (1) that he was actually innocent because he exposed himself to a computer, not a person; (2) that he was denied effective assistance of counsel; (3) that his two convictions based on one act violated the prohibition against double jeopardy; (4) that the indictment was defective because it was not true; (5) that he is being punished for a crime for which he was not convicted; (6) that he was not informed that he would be punished on the amended charge; (7) that the search of his home was illegal; (8) that the prosecutor misused the statutes, because they do not apply to the internet; (9) that his convictions are based on a legal impossibility because no one was in his presence; and (10) that the evidence was insufficient. The state moved to dismiss the application as time-barred. In response, Mr. Martin argued that the application should not be time-barred because (1) he is actually innocent, and (2) he is entitled to equitable tolling because he had recently discovered the relevant law.

The district court granted the state's motion. It reasoned that his convictions became final on June 28, 2007, ten days after pronouncement of his judgment and sentence, because he did not move to withdraw his plea. *See* Okla. Ct. Crim. App. R. 4.2(A) (requiring defendant to file application to withdraw guilty plea within ten days from the date of pronouncement of judgment and sentence in order to appeal from conviction resulting from guilty plea). Under the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), *see* 28 U.S.C. § 2244(d)(1)(A), he therefore had until June 28, 2008, to file his § 2254 application. But his application was not filed until June 25, 2009. Although state-court postconviction proceedings can toll AEDPA's one-year limitations period, the court noted that the earliest of those proceedings was commenced on August 21, 2008, which was 54 days after expiration of the limitations period.[1]

The district court was not persuaded by Mr. Martin's arguments that his application was timely. It rejected his actual-innocence claim because he argued legal innocence rather than factual innocence. And it found no basis for the contention that he could not have discovered earlier the factual basis for his § 2254 application. *See id.* § 2244(d)(1)(D) (limitations period does not begin until factual predicate of claim could have been discovered through due diligence).

In requesting a COA, Mr. Martin asserts (1) that he was denied effective assistance of trial counsel, and (2) that he was actually innocent because he exposed himself to a computer, not a person.

## II.   DISCUSSION

---

[1]We note that the state-court docket sheet indicates that Mr. Martin filed a "Motion for Judicial Review and Modification of Sentence" on March 7, 2008. R., Vol. 1 at 25. But even if that motion tolled the limitations period, it was denied six days later, so any tolling would not affect the result here.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*.

We have examined the opinion of the district court. No reasonable jurist could debate whether Mr. Martin's application under § 2254 should have been resolved in a different manner or that the issues he presented were adequate to deserve encouragement to proceed further. *See id.*

## III. CONCLUSION

We DENY the application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge